## CIRCUIT COURT OF ARLINGTON COUNTY

Williams

v.

Williams

August 14, 1986

Case No. (Chancery) 23349

By JUDGE PAUL F. SHERIDAN

This Court has had under advisement a motion to dismiss filed on behalf of Maurice Williams and a motion to reconsider this Court's order of April 18, 1986, to the extent that it ordered Maurice Williams to be incarcerated for contempt of court.

The motion to dismiss, previously argued orally, was based upon the fact that an Absolute Divorce had been granted by the Superior Court of the District of Columbia (Family Division) in Civil Action No. D-2125-85 in or about March, 1986. There is no evidence that Edith R. Williams personally appeared in that District of Columbia divorce proceeding, at least until after Maurice Williams had obtained a divorce. The "Findings of Fact, Conclusion of Law and Judgment of Absolute Divorce" entered on the docket March 26, 1986, in the Superior Court of the District of Columbia (Family Division) awarded Maurice Williams "a judgment of Absolute Divorce . . . on the ground of separation. . . for a period of one year. . ." but did not address, factually find, or adjudicate in any way financial matters between the parties.

A background of the present motions seems helpful in resolving the question as to whether the District of Columbia divorce, now apparently being appealed, terminates, or affects in any way, the power of this Court

over the parties to Arlington Circuit Court chancery action 23349.

Maurice Williams, as complainant, initiated a Bill of Complaint for divorce in Arlington Circuit Court chancery action 23349 in May, 1973. Maurice Williams swore in an affidavit and testified before a commissioner (on or about July 24, 1973) that he had lived in Arlington County, Virginia, since November, 1971, that he and his wife Edith Williams had separated in March, 1970, and that the couple had last lived together in New York City.

Based upon apparently good service of process, apparent jurisdiction, and the apparent truthfulness of Maurice Williams's various representations, The Honorable Charles H. Duff entered a Decree of Divorce on August 10, 1973, in Arlington Circuit Court chancery action 23349, without addressing or adjudicating any monetary issues.

In 1973, Edith Williams filed against Maurice Williams in the Superior Court of the District of Columbia (Family Division) a Complaint for Separate Maintenance and Support (Case No. S0338-73). Maurice Williams, by counsel, filed an appearance in that 1973 District of Columbia proceeding and, at least through counsel, knew Edith Williams was then residing in Silver Spring, Maryland. Sometime in 1975, in the Family Court of the State of New York, County of New York, in Docket No. F5385/74, Edith Williams adjudicated against Maurice Williams a claim for spousal support. By "Decision and Order" dated October 28, 1975, Judge Jane M. Bolin awarded Edith Williams $650 a month beginning November 15, 1975, to be paid by Maurice Williams, who Judge Bolin's decision described as "a self-centered person, with a callous disregard for the effect on (Edith Williams) of his abandonment and with a determined intent to live to the limit of his income without concern for any obligation to his deserted wife." The record in this proceeding suggests that Edith Williams delayed pursuing her possible remedies in this Court on the assumption that the New York court could, or would, vacate the Decree of Divorce previously entered in this Court. But in May, 1984, Edith Williams petitioned this Court to vacate the Decree of Divorce Judge Duff had entered August 10, 1973. The Honorable William L. Winston, of this Court, by a Decree and Order dated September 7, 1984, vacated Judge

Duff's Decree of Divorce, and Edith Williams was allowed to reopen the divorce proceedings in chancery action 23349.

The Honorable William L. Winston, on August 6, 1984, found factually that the address for Edith Williams given by Maurice Williams in pursuing his Arlington divorce effort was "so false and erroneous" that the effect of it was to give Edith Williams no notice of the Arlington divorce proceeding. Judge Winston, furthermore, found that Maurice Williams's sworn misinformation that Edith Williams's address was "designed to have" that very effect of no notice.

By an order of September 28, 1984, Judge Winston ordered Maurice Williams to respond to discovery, and imposed sanctions upon Maurice Williams.

By a Pendente Lite Decree dated October 24, 1984, Judge Winston took note of the $650 monthly award ordered by the New York court, and also noted that the $650 was being deducted monthly from the military retirement pay of Maurice Williams. In that Pendente Lite Decree, Judge Winston found that an increase in support was appropriate and that, on condition that the New York ordered $650 monthly payment be "terminated," that Edith Williams was to receive from Maurice Williams beginning November 4, 1984, spousal support in the amount of $225 per week. On December 28, 1984, Judge Winston entered a judgment order against Maurice Williams for non-payment arrearages plus unpaid counsel fees.

On February 8, 1985, Judge Winston entered a judgment order for unpaid arrearages. Orders of payment addressed to the United States Army were entered by Judge Winston on March 15, 1985, and by Judge Paul D. Brown on June 5, 1985.

On February 21, 1985, a Rule to Show Cause why Maurice Williams should not be held in contempt of Judge Winston's October 24, 1984, Pendente Lite Decree was issued.

This recitation of some of the background compels a conclusion that Maurice Williams has demonstrated a sustained refusal to live up to any voluntary sense of financial obligation to Edith Williams, and demonstrates a willingness either to mislead courts or to disobey court orders once Edith Williams seeks judicial assistance.

The authorities cited by able counsel for both parties have been reviewed. The case law instructs us that Virginia

recognizes the doctrine of "divisible divorce." *Newport v. Newport*, 219 Va. 48 (1978). This Court can give full faith and credit to the District of Columbia Absolute Divorce awarded Maurice Williams, whether it is under appeal or final, without losing the jurisdiction and/or the power to consider and to adjudicate financial matters before the parties. The District of Columbia Absolute Divorce was achieved without personal appearance by, or "personal" jurisdiction over, Edith Williams. The fact that Edith Williams, by counsel, has now entered an appearance in the District of Columbia proceeding to appeal that Absolute Divorce does not mean that Edith Williams was "in person" before the District of Columbia court considering Maurice Williams's prayer for absolute divorce.

Maurice Williams's *ex parte* divorce in the District of Columbia thus does not terminate the power of the Circuit Court of Arlington County to continue to adjudicate the personal financial or support matters between the parties. This conclusion arises from not only an analysis of the cases cited by able counsel, but also arises from a finding that Maurice Williams should not be allowed to disregard the orders of the Circuit Court of Arlington County by seeking *ex parte* relief from a court in another jurisdiction.

When the District of Columbia appellate process is complete, everyone will know whether or not Maurice Williams has lawfully terminated his marriage to Edith Williams. But neither the parties nor this Court need to await the appellate result in the District of Columbia in regard to Maurice Williams's unpaid arrearages, if any still exist, and duties created by the orders of the Circuit Court of Arlington County.

For the reasons outlined above, Maurice Williams's motion to dismiss chancery action 23349 is denied, and Maurice Williams's motion to reconsider portions of this Court's April 18, 1986, order imposing jail time for contempt of court is denied. Entry of an order reflecting these findings will occur on September 12, 1986. The Court asks Mr. Suiters to prepare an appropriate order. If there is no existing arrearage on September 12, 1986, the Court will reconsider any motion counsel for Maurice Williams wishes to make regarding incarceration.